IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00745-GPG

SCOTT S. SATTERWHITE,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
STATE OF COLORADO,
BORDERS, Lt., Laundry Dept, CSP,
KATHLEEN BOYS, N.P., CSP Medical Department, and
JANE DOE, Swing Shift Sgt., B-Pod, CSP,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Scott S. Satterwhite, is in the custody of the Colorado Department of Corrections (CDOC) at the Colorado State Penitentiary in Canon City, Colorado. Mr. Satterwhite has filed a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Satterwhite is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Satterwhite will be ordered to file an amended complaint.

**I.     The Complaint**

Plaintiff alleges in the Complaint that on March 10, 2016, he was moved to a new cell.  When he received his personal property, he realized that he was missing two t-shirts and a towel that had been sent to the laundry department three days earlier a microwave bowl, and a Bible.   He further states that his other Bible was returned to him "in 6 different pieces" with ten pages missing.   (ECF No. 1 at 3).   Mr. Satterwhite claims that the Bible was destroyed intentionally by the Defendant Jane Doe swing shift sergeant, and that the shirts and towels were "stolen" by Defendant Lt. Borders and the CSP laundry department "in retaliation for assault on intake staff."   (*Id.* at 5).

Mr. Satterwhite also alleges that Defendant Boyd saw him concerning his planter's wart on November 7, 2015, and told Plaintiff that it would be cut out or burned, but he has not received any medical treatment to date. He further states that in December 2015, an ophthalmologist in Pueblo recommended that he have surgery "for cataracts and glaucoma" or he would be blind in 8-12 months.   (*Id.* at 6).   The first part of the surgery was scheduled for February 22, 2016, but was postponed by "C.T.U." because there were no personnel available to transport Plaintiff to the appointment.   (*Id.*).   Plaintiff makes additional allegations that Defendant Boyd has refused to provide him with prescribed petroleum jelly for scar tissue in his nose caused by "snorting drugs for 28 years," and has refused to provide him with prescribed "Ba[ ]itracin ointment.   (*Id.*).   Mr. Satterwhite requests monetary relief.

## II. Analysis

### A. Eleventh Amendment Immunity

The Prisoner Complaint is deficient because the § 1983 claims against Defendant CDOC and the State of Colorado are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The CDOC is an arm of the state entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, the CDOC and State of Colorado are improper parties to this action.

### B. Destruction or Confiscation of Personal Property

The Fourteenth Amendment protects individuals against deprivations of property without due process of law. U.S. Const. amend. XIV, § 1. Insofar as the Defendants merely acted with simple negligence, that would not be enough to raise due process concerns. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (overruling prior precedent "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment").

Moreover, unauthorized deprivations of a prisoner's property do not violate due process where adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("[W]here pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process

requirements."). Mr. Satterwhite alleges that he exhausted his available administrative remedies. (ECF No. 1 at 7). However, the fact that he did not prevail in the prison's administrative remedy procedure does not render the grievance procedure inadequate. *See Allen v. Reynolds*, No. 11-1266, 475 F. App'x 280, 283 (10th Cir. April 6, 2012) (unpublished). Mr. Satterwhite also has an adequate state post-deprivation remedy under the Colorado Governmental Immunity Act, at § 24-10-118, C.R.S. (2015). *See Amin v. Voigtsberger*, No. 13-1400, 2014 WL 1259570, at *4 (10th Cir. Mar. 28, 2014) (unpublished). Accordingly, the allegations of the Prisoner Complaint fail to suggest a deprivation of Plaintiff's Fourteenth Amendment due process rights in connection with the loss or destruction of his personal property.

### C. Retaliation

Mr. Satterwhite asserts that his personal property was confiscated, lost or destroyed by Defendant Borders and other prison officials in retaliation for Plaintiff's assault on intake staff.

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Mr. Thomas must demonstrate: (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir.2007).

As a threshold matter, a prisoner in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Gandy v. Ortiz*, 122 F.

App'x 421, 422 (10th Cir. Feb. 10, 2005) (unpublished) (citing *Smith v. Maschner*, 899 F.2d 940, 942-45 (10th Cir.1990)). An inmate's assault on staff is not protected by the Constitution.

Moreover, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Gee*, 627 F.3d at 1191 (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1991)). The Plaintiff does not allege any specific facts in the Prisoner Complaint to show that a particular defendant retaliated against him because of his exercise of constitutional rights.

### D. Denial of Adequate Medical Care

The Complaint is also deficient because Mr. Satterwhite does not allege enough facts to show an arguable violation of his Eighth Amendment rights by Defendant Boyd. The Eighth Amendment is violated when a prison medical provider acts with deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980) (further quotation omitted)). A delay in providing medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial

harm.  *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993).

Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.   A disagreement about medical care or medical negligence does not violate the Eighth Amendment. *Estelle*, 429 U.S. at 107.

Mr. Satterwhite's allegations that Defendant Boyd told him on November 7, 2015, that his planter's wart should be cut out or burned, and has refused to provide him with prescribed petroleum jelly for scar tissue in his nose caused by "snorting drugs for 28 years," and prescribed "Ba[ ]itracin ointment (ECF No. 1 at 6), are insufficient to demonstrate a violation of his Eighth Amendment rights.

Furthermore, Mr. Sattewhite's allegations that he was diagnosed by an outside ophthalmologist in December 2015 as requiring surgery "for cataracts and glaucoma" within 8-12 months, or he would be blind, and that the surgery was scheduled for February, but was postponed without being rescheduled, are not asserted against a named Defendant.   As discussed earlier, Plaintiff may not sue the CDOC or the State of Colorado under § 1983.

Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order,** an Amended Prisoner Complaint that complies with the directives in this order.   It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Prisoner Complaint that complies with this order within the time allowed, the Court may dismiss some or all of this action without further notice for the reasons discussed above.

DATED April 28, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge